| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| The United States of America, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Criminal H-09-699 |
| Alvin M. Eiland, | § § | |
| Defendant. | § § | |

# Opinion on Vacatur

1. Alvin M. Eiland has moved to vacate his sentence. He says that (a) the court did not have jurisdiction to amend his judgment (b) the amended judgment denied him due process and (c) he received ineffective assistance from counsel.

2. On December 20, 2010, Eiland pleaded guilty to conspiracy to commit mail and wire fraud. In July of 2011, this court sentenced him to 48 months of confinement. Four months later, he pleaded guilty to theft of more than $200,000, and Texas sentenced him to ten years in prison.

3. Texas ruled that Eiland could apply his four years in federal custody toward his ten-year state sentence. In May of 2012, Eiland asked the Bureau of Prisons to apply his time in state prison to his federal sentence. This court's judgment did not specify whether he could do this; however, in July of 2012 when the Bureau asked, it amended its judgment to clarify that his federal sentence must be fully consecutive to his state sentence.

4. Eiland says that the July 2012 ruling denied him process because it "prevented" the Bureau of Prisons from determining whether his federal sentence would be concurrent to his state sentence. In exercising its discretion, the Bureau may inform itself about the

-1-

courts. When a final judgment does not specify whether a sentence is to run concurrently or consecutively with a sentence imposed at a different time, the presumption is that the sentences run consecutively.[1]

5. Eiland also says that he was denied effective assistance of counsel because his lawyer, John P. Smith:

   A. Was wrong about the law;
   B. Did not ask to have his sentence run concurrently;
   C. Did not present mitigating evidence at sentencing; and
   D. Asked him to write his own objections to the pre-sentence report.

6. John P. Smith ably represented Eiland.[2] His claims about his lawyer are four ways of repeating that he does not want his federal sentence to run consecutive to his state sentence. Repetition does not improve them.

7. Eiland has not shown that, absent Smith's supposed errors, this aspect of his sentence would have been different.[3] This court did not conclude in July of 2012 that his sentence should be concurrent nor would it have at his original sentencing if prompted by Smith.

8. The court cannot know precisely what Smith told Eiland about a federal court's power to order its sentence to run concurrently to an anticipated state sentence. Eiland is not specific in describing a strategy that went awry.

9. Even assuming that Smith wrongly advised Eiland about a narrow aspect of a federal court's power, the mistake did not affect Eiland's sentence. It also did not stop him from later asking that his federal sentence run concurrently with his state sentence.

---

[1] 18 U.S.C.A. 3584 (a)(West).

[2] *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

[3] *Id.* at 694.

10. Eiland does not suggest what he had told Smith about his life that Smith did not present mitigation. He neither explains why he did not mention those data to the court.

11. No lawyer can help a client who will not help him. Smith may have – should have – his clients note facts and conclusions about the sentencing report. He knows the facts of his life and crime, allowing him to supply support for his positions or opposing the government's positions. Eiland does not attempt to mention in what particular the objections would have been better had Smith not had Eiland's help.

12. Alvin M. Eiland's motion to vacate his sentence will be denied.

Signed on March 11, 2015, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge